IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In Re:  
Mario L Sorroche Moreno,  
     Debtor.  
_____/

Chapter 13  
Case No. 19-17620-RAM

**DEBTOR'S EMERGENCY MOTION TO COMPEL TURNOVER, FOR CONTEMPT AND SANCTIONS FOR VIOLATIONS OF THE AUTOMATIC STAY PURSUANT TO SECTION 105(A) AND 362(K) AGAINST SENNA LENDERS CORP**
(Emergency hearing requested because Creditor towed away Debtor's vehicle which he uses for work, the proceeds of said work fund the plan.)

**COMES NOW,** the Debtor, Mario L Sorroche Moreno, by and through the undersigned counsel, and respectfully moves this Court pursuant to 11 USC §105(a) and 11 USC §362(k) for an Order Compelling Turnover, Holding Senna Lenders Corp. (hereinafter "Creditor") in Contempt and Issuing Sanctions for Violations of the Automatic Stay and would state as follows:

1. Debtor filed a voluntary bankruptcy petition under Chapter 13 of the United States Bankruptcy Code in this Court on June 7, 2019.

2. On said date, the Automatic Stay was effective pursuant to 11 U.S.C. § 362(a)(3) under which "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate" is prohibited.

3. The Debtor works as a self-employed driver.

4. On Schedule A/B, the Debtor lists his vehicle as a 2012 Volvo Truck (herein "Truck" or "Vehicle"). The Truck was titled under the Debtor's name as well as the Debtor's business, Mario-Yordy Transport, LLC.

5. One of the creditors included in the schedules is the artificial entity Senna Lenders Corp. whose claim was listed on the Debtor's Schedule D of his Petition [ECF#1].

6. The 341 meeting of creditors has not been heard yet since it is scheduled for July 12, 2019. On June 12, 2019 the Certificate of Notice was sent by the Clerk to the Creditor [ECF#11].

7. On or about July 2, 2019 at about 6:00 PM, the Creditor repossessed the vehicle from the Debtor without any relief from stay being ordered.

8. On July 3, 2019, the undersigned contacted attorney for Creditor, Paul Edward Wilson Jr. demanding the return of the Truck to which Mr. Wilson refused.

9. The Debtor is dependent on the truck since he uses it for work to gain income and without the truck, the bankruptcy will fail for want of payments.

10. The Creditor's actions have led to a loss of income of the Debtor, which is continuing since the Debtor still does not have the use of his vehicle.

11. On July 8, 2019, prior to the filing of this instant motion, the undersigned's office contacted Mr. Wilson again to resolve the matter in good faith, demanding the return of the truck along with compensating the Debtor for his damages, to which Mr. Wilson again refused. At the time of the filing of this Motion, the Creditor has not responded.

12. The Debtor is obligated to pay a reasonable fee and costs to undersigned counsel in bringing this Motion before the Court.

13. The Debtor is entitled to actual damages, including compensatory and attorney's fees and costs, as well as punitive damages, pursuant to 11 USC § 362(k) for the repossession after the automatic stay was entered as well as the refusal to return the Truck.

**WHEREFORE**, the undersigned respectfully requests an Order directing the Creditor to 1) return the Truck immediately so that the Debtor can work, 2) cease all collection efforts on its claim, 3) award actual damages to compensate for the Debtor's loss of income and expenditures

during the time that the Creditor had and continues to have possession of the truck, 4) award attorney's fees and costs that are currently being expended to vindicate the Debtor's rights under the Bankruptcy Code in this matter, 5) award punitive damages for the violation under 11 USC § 362(k) as the Court deems just, and any other relief this Court deems just and proper under the circumstances.

## **CERTIFICATE OF ADMISISON**

    **I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court as set forth in Local Rule 2090-1(A).

                                      Respectfully Submitted:
                                      ROBERT SANCHEZ, P.A.
                                      Attorney for Debtor
                                      355 W 49th Street
                                      Hialeah, FL 33012
                                      Tel. 305-687-8008

                                      By:/s/ Robert Sanchez_____
                                          Robert Sanchez, Esq., FBN#0442161