**IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

In Re:  Mario L Sorroche Moreno                          Case No. 19-17620-RAM
                                                                            Chapter 13

                        Debtor.
_____/

**<u>DEBTOR'S EXPEDITED MOTION FOR CONTEMPT, FOR SANCTIONS AGAINST
SENNA LENDERS CORP., FOR DETERMINATION THAT MATTERS SET FOR
HEARING AND OTHER DESIGNATED FACTS BE TAKEN AS ESTABLISHED AS
THE DEBTOR CLAIMS, FOR FINAL SUMMARY JUDGMENT, AND
MEMORANDUM OF LAW IN SUPPORT OF MOTION</u>**
(Motion is being set on an expedited basis since it arises pursuant to the Creditor's multiple
failures to comply with Court Orders including the failure to comply with an <u>Agreed</u> Order and
needs to be heard prior to the date of the exhibit due date of October 4, 2019 pursuant to the
Evidentiary Hearing Order.)

COMES NOW the Debtor, Mario L Sorroche Moreno, by and through the undersigned

attorney and files this Expedited Motion for Contempt, for Sanctions Against Senna Lenders

Corp. (herein "Creditor" or "Senna"), for Determination that the Matters Embraced in the

Evidentiary Hearing Order (herein "EHO") [ECF#35] and Other Designated Facts be Taken as

Established as the Debtor Claims, for Final Summary Judgment, and Memorandum of Law in

Support of Motion pursuant to Federal Rule of Civil Procedure 56 and 37 made applicable to this

contested matter through Federal Rule of Bankruptcy Procedure 7056, 7037, and 9014, and in

support states:

**DESIGNATED FACTS**

The Debtor filed a Chapter 13 bankruptcy on June 7, 2019. The Debtor works as a self-

employed truck driver and lists on Schedule A/B [ECF#1] his 2012 Volvo 780 Truck VIN:

4V4NC9EH7CN540859 (herein "Truck" or "Vehicle") co-owned with the Debtor's business,

Mario-Yordy Transport, LLC. Said Truck is financed with Senna and is included on the Debtor's

Schedule D. The Debtor also states that he is legally allowed to work in the country. On or about

1

June 21, 2019, Senna's President and Registered Agent, Sergio G. Bertisch, called Sarah

Sanchez, a paralegal at the undersigned's law office, and demanded payment be made on the

Truck since Mr. Bertisch stated that the Truck cannot be included in the bankruptcy. Ms.

Sanchez informed Mr. Bertisch that the Truck was included in the plan and payment would be

made through the Trustee.

On or about July 2, 2019, the Creditor repossessed the vehicle from the Debtor without

any relief from stay being ordered. On July 3, 2019 and July 8, 2019, Debtor's counsel contacted

attorney for Creditor, Paul Edward Wilson Jr., demanding the return of the Truck to which Mr.

Wilson refused both times. An email was sent to Mr. Wilson memorializing the conversation

attached as Exhibit "A".

On July 8, 2019, Debtor filed his Emergency Motion to Compel Turnover, For Contempt,

For Sanctions Pursuant Section 105(A) and 11 USC 362k Automatic Stay Violation Against

Senna Lenders [ECF#16] which was heard on July 12, 2019. At the hearing, Senna argued that

there was no stay pursuant to the co-debtor stay of 11 U.S.C. § 1301(a)(1); however, that

argument was quickly dispensed with by the Court since the Debtor was on title and the Debtor's

Automatic Stay applied pursuant to 11 U.S.C. § 362(a). The Court entered the Order granting the

Motion for Turnover at ECF#16, but conditioned the return of the vehicle "within one (1)

business day of Senna's receipt of proof of insurance." The Court also found "that Senna

violated the automatic stay by repossessing the Volvo after the Debtor filed for bankruptcy

relief," but reserved ruling on the two issues of 1) willfulness and 2) the amount of any damages

that should be awarded. Also, on July 8, 2019, the Debtor paid the $150.00 fee to retrieve his

personal belongings from the repossessed Truck (Receipt attached as Exhibit "B").

On July 15, 2019, the Debtor, through undersigned counsel, emailed Senna's counsel the proof of insurance (July 15th Email attached as Exhibit "C"). However, it was not until July 17, 2019 that Senna put the Debtor back on title to the Truck (attached as Exhibit "D") and did not release the vehicle until the late afternoon of July 18, 2019 which led to the Debtor missing those two days of work for a total loss of income of $600 (attached as Exhibit "B"). Furthermore, the Debtor paid $98.25 to reissue the title back to the Debtor's name (Receipt attached as Exhibit "B").

On July 30, 2019, the Court held another non-evidentiary hearing and set the Evidentiary Hearing through the EHO for October 11, 2019 with Exhibits and Witness Lists due on October 4, 2019 based on the issues. In Paragraph 5 of the EHO, the Court encouraged the parties to settle this dispute to avoid the additional fees and costs of going to trial. As such, the undersigned reached out on August 7, 2019 via email to Senna's counsel to resolve the matter (attached as Exhibit "E"); however, that email went <u>unanswered</u>.

The EHO shortened response deadlines to 14 days from service of interrogatories, requests for admission, or requests for production. Due to the unanswered email, on August 19, 2019, the Debtor emailed counsel and filed at ECF#40 its Notice of Filing Discovery Documents that included Interrogatories and Requests for Admissions. Said Notice was also <u>unanswered</u>. On the same day, the undersigned emailed Senna's counsel informing that Mr. Bertisch called the undersigned's office and stated to Ms. Sanchez that she was a disgusting person and that she should get another job (attached as Exhibit "F").

On September 3, 2019 at ECF#43 the Debtor filed his Notice of Filing Discovery - Good faith letter regarding the outstanding responses that were due on September 2, 2019 and allowing a voluntary deadline extension to Noon on September 5, 2019, which also went <u>unanswered</u>. On

September 6, 2019, the Debtor filed his Expedited Motion to Compel Responses to Discovery

and for Sanctions. At long last Senna's counsel responded and entered into an <u>Agreed</u> Order

ECF#48 granting the Motion, agreeing to 1) immediately pay $552.50 to the undersigned for

fees, 2) set a deadline to upload its responses to the docket by <u>Tuesday, September 17, 2019</u>, and

3) if Senna fails to provide timely responses, then "the matters embraced in the Evidentiary

Hearing Order and other designated facts be taken as established as the Debtor claims."

(emphasis in original) (chain email attached as Exhibit "G"). As of the date of this filing, Senna

has still not uploaded or responded to any of the discovery requests. Debtor also requests this

Court to take judicial notice of its own docket and filings as evidence.

It is important to note that Senna's counsel confirmed at the July 12, 2019 hearing that he

is a CM/ECF user, has made an appearance at ECF#20, and has attended two hearings on the

matter.

## STATEMENT OF UNDISPUTED FACTS

The undersigned obtained an audio CD of the July 12, 2019 hearing from the Court, in

which the following dialogue occurred between the Court and Senna's counsel (herein "SC"):

COURT: "When did your client get notice of the bankruptcy?"
SC: "I know that my client had some knowledge from speaking with the Debtor prior to the repossession."
COURT: "Before the repo?"
SC: "Right, we concede that, my client did have knowledge."
COURT: "Facts seem to be that Debtor is on title and therefore you needed stay relief to repo and once you have knowledge of the bankruptcy it does appear to be a stay violation."
. . .
COURT: "I don't think this is really a complicated bankruptcy issue in terms of the stay."
. . .
COURT: "I'll enter an order finding that the Truck was repossessed with knowledge of the bankruptcy and in violation of the Automatic Stay."
. . .
COURT: "You told me earlier that your client had knowledge of Mr. Moreno's individual bankruptcy prior to the repossession and also knowledge that Mr. Moreno was on title to the car, right?"

4

SCL: "Right knowledge of his bankruptcy, but he was a co-signer."

Furthermore, the Creditor knew that the Debtor was not only a co-signer, but a co-owner as stated in the Creditor's Response's attachment ECF#21-3 (Exhibit "H"). In said Title Preview document, filed by the Creditor, it states: "Additional Owners: Mario Sorroche Moreno." Also, in Creditor's Response's attachment ECF#21-1 the sale contract states: "Co-Buyer Name: Mario Lazaro Sorroche Moreno." (Exhibit "I")

**MOTION FOR AN ORDER OF CONTEMPT AND SANCTIONS ON THE AGREED ORDER AND FOR A DETERMINATION THAT THE MATTERS EMBRACED IN THE EVIDENTIARY HEARING ORDER AND OTHER DESIGNATED FACTS BE TAKEN AS ESTABLISHED AS THE DEBTOR CLAIMS**

In a contested bankruptcy matter, Fed. R. Bankr. P. 9014 applies Fed. R. Bankr. P. 7037 which applies Fed. R. Civ. P. 37 which states in pertinent part:

> (b) Failure to Comply with a Court Order.
> (2) Sanctions Sought in the District Where the Action Is Pending.
> (A) For Not Obeying a Discovery Order. If a party . . . fails to obey an order to provide or permit discovery, . . .  the court where the action is pending may issue further just orders. They may include the following:
> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> . . .
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order . . . .

Fed. R. Civ. P. 37

This court has ample power to issue discovery sanctions under its inherent powers under 11 U.S.C. § 105(a) as mentioned in various court cases. Under Fed. R. Bankr. P. 7036, when a parties' requests for admissions go unanswered by the recipient, and requested information

would establish facts to necessitate a ruling favorable to the requester's argument, admissions requested are deemed true and requester is entitled to summary judgment where facts thus established show a cause of action on the requester's demand. *In re Bell & Beckwith*, 50 B.R. 419 (Bankr. N.D. Ohio 1985). Furthermore, sanctions are an appropriate remedy under Bankruptcy Rule 7037 against a party to a proceeding who has failed to: (1) cooperate in discovery efforts; (2) comply with court order compelling discovery; *or* (3) appear at commencement of trial. *In re Bernard*, 85 B.R. 864, 17 Bankr. Ct. Dec. (LRP) 776 (Bankr. D. Colo. 1988).

As mentioned above, the parties agreed to the entry of the <u>Agreed</u> Order ECF#48 that set a deadline for Senna to upload its responses to the docket by <u>Tuesday, September 17, 2019</u>, and specifically stating that if Senna fails to provide timely responses, then "the matters embraced in the Evidentiary Hearing Order and other designated facts be taken as established as the Debtor claims." As of the filing of this Motion, the Creditor still has not uploaded or responded to the discovery at all in direct contravention of the Agreed Order. Senna is again playing the role of the disobedient party by failing "to obey an order to provide or permit discovery." Creditor is thwarting Debtor's efforts to obtain evidence prior to the submission deadline by showing its callous disregard for this Court's orders, especially an Order that was agreed to. The Debtor has given this Creditor the "red carpet treatment" by being generous with various warnings and consequences for violating the deadlines to which the Creditor has completely disregarded. This Court should not allow such ignorance of this Court's orders.

Therefore, as to this Motion for Contempt, the Debtor is requesting the Court to issue a just order (i) directing that the matters embraced in the order and other designated facts as stated herein be taken as established for purposes of the action, as the prevailing party claims; (ii)

6

although the Court preserved any defenses to damages at the July 12th hearing, the Debtor seeks

an Order prohibiting Senna from supporting or opposing designated claims or defenses, or from

introducing designated matters in evidence; (iii) rendering a default judgment against the

disobedient party; and (iv) treating as contempt of court the failure to obey the EHO and the

Agreed Order. The Debtor is also seeking reasonable attorney's fees and costs for the filing of

this Motion which will be included in the final accounting of damages.

## MOTION FOR FINAL SUMMARY JUDGMENT AND MEMORANDUM OF LAW IN SUPPORT OF MOTION

**ARGUMENT**

**I. THE SUMMARY JUDGMENT STANDARD IN THE ELEVENTH CIRCUIT.**

Federal Rule of Bankruptcy Procedure 7056 provides that summary judgment shall be

granted if the record of the case shows "that there is no genuine issue as to any material fact and

that the moving party is entitled to a judgment as a matter of law." The Supreme Court has

encouraged the use of summary judgment as a method for the just, speedy and inexpensive

disposition of cases. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S. Ct. 2505, 91 L. Ed.

2d 202 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986);

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S. Ct. 1348, 89 L. Ed. 2d

538 (1986). Once the moving party identifies those portions of the record that demonstrate the

absence of a genuine issue of material fact, any party opposing summary judgment must set forth

specific facts showing a genuine issue for trial and may not rely on mere allegations or denials.

*Celotex*, 477 U.S. at 324; *Anderson*, 477 U.S. at 256-57; *Martin v. Commercial Union Ins. Co.*,

935 F.2d 235, 238 (11th Cir. 1991). "[A] mere 'scintilla' of evidence supporting the opposing

party's position will not suffice; there must be enough of a showing that the jury could

reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1576 (11th Cir. 1990) (citing *Anderson*, 477 U.S. at 252, 106 S. Ct. 2505). If the record as a whole could not lead a rational finder of fact to find for the non-moving party, then there is no genuine issue of fact precluding summary judgment. *Matsushita Elec. Indus. Co.*, 475 U.S. at 586-87. Where the factual context renders the nonmoving party's position implausible, it must come up with more persuasive evidence than would otherwise be necessary to defeat summary judgment. *Id*. at 587. As shown below, based solely on the undisputed material facts and the designated facts the Debtor is entitled to judgment as a matter of law.

## II. POWER TO ISSUE DEFAULT JUDGMENT FOR FAILURE TO RESPOND TO DISCOVERY

This court has ample power to issue discovery sanctions in terms of a default judgment as mentioned in various court cases. See *Hemmerle v. Bakst (In re Sun Island Realty)*, 191 B.R. 246, 9 Fla. L. Weekly Fed. D 571 (S.D. Fla. 1993), aff'd, 43 F.3d 678 (11th Cir. 1994) (Default judgment as sanction for failure to comply with discovery requests was not abuse of bankruptcy court's judgment where court had issued oral warnings and found that appellant intentionally, repeatedly and without excuse disobeyed its discovery orders.); *Goldberg v. Lawrence (In re Lawrence)*, 227 B.R. 907, 41 Collier Bankr. Cas. 2d (MB) 177, 41 Collier Bankr. Cas. (MB) 177 (Bankr. S.D. Fla. 1998) (holding that a party's repeated failure to answer questions constituted a willful and bad-faith failure to obey the bankruptcy court's discovery orders which warranted entry of default judgment on trustee's complaint objecting to discharge); *GM Co. v. Heraud*, 410 B.R. 569 (Bankr. E.D. Mich. 2009) (Default judgment warranted against debtor who refused to participate in discovery that was prejudicial to creditor, and debtor was fully aware of potential consequences of debtor's refusal to provide discovery.); *Pryor v. RW Inv. Co. (In re Pryor)*, 2011

Bankr. LEXIS 4332 (9th Cir. Aug. 12, 2011), aff'd, 544 Fed. Appx. 662 (9th Cir. 2013) (Unpub.) (Circuit Court upheld bankruptcy court's ruling that it did not abuse discretion in directing entry of default and striking answers under Fed. R. Civ. P. 37(b)(2)(A), where the Circuit Court determined that debtor's sanctionable conduct was result of willfulness, bad faith, *or fault*.)

Here, Senna, as the disobedient party, did not timely comply with the EHO setting discovery deadlines to 14 days from the time of service and still has not complied with its own Agreed Order. The Debtor is awaiting the responses to its request and the Creditor is now on the second day after the deadline. One must ask, when is a deadline a deadline? Until when should the Debtor expect responses? The Trial date has been set and is rapidly approaching. Without the information requested, the Debtor is essentially being stonewalled, being left without evidence necessary to present and prevail on its case.

Therefore, the Debtor requests that the court grant this default judgment through the facts and admissions stated herein as a remedy to the Creditor's failures to timely respond to the Debtor's requests.

### III. WILLFULNESS OF THE VIOLATION OF THE STAY

Pursuant to the Eleventh Circuit case of *Jove Eng'g, Inc. v. IRS (In re Jove Eng'g, Inc.)*, 92 F.3d 1539, 1555 (11th Cir. 1996), the Court held that a willful violation of an automatic stay under § 362(k) (f.k.a. § 362(h)) or § 105(a) occurs when an individual A) knows of the automatic stay and B) takes an intentional action that violates the automatic stay.

### A.  ADMISSION OF ACTUAL KNOWLEDGE

When considering whether there was knowledge of the bankruptcy stay, it should be considered that actual knowledge of such is better than constructive or mailed notice.

"Unless withdrawn, an attorney's statements in court, on behalf of his client, 'which dispense with proof of facts . . . are not merely evidence as in the case of an ordinary admission. They are absolutely binding. As long as they stand, they foreclose the matter altogether.'" *United States v. Sarwar*, 353 F. App'x 347, 350 (11th Cir. 2009) citing *Laird v. Air Carrier Engine Service, Inc.*, 263 F.2d 948, 953 (5th Cir. 1959).

Various courts have used actual notice in the totality of the circumstances to issue not just actual damages, but punitive damages. The court in *In re WVF Acq., LLC*, 420 B.R. 902, 915 (Bankr. S.D. Fla. 2009) (EPK), held that actual and punitive damages of $50,000.00 were warranted in finding that a willful violation had occurred when the creditor received actual notice of the bankruptcy filing which said creditor admitted it knew and among other circumstances in the case.

At the July 12, 2019 hearing, although the court initially considered whether there was good service of the bankruptcy petition on the Creditor, counsel for Creditor admitted in open court that Creditor "did have knowledge [of the bankruptcy]." Creditor's counsel further admitted that Senna had "knowledge of [the Debtor's individual] bankruptcy" prior to the repossession and also knowledge that Mr. Moreno was on title to the car. This unequivocal admission should be legally admitted since its truthfulness is presumed truthful and was "absolutely binding" as to the issue of notice prior to the repossession.

Therefore, the Court must find that the Creditor had knowledge of the bankruptcy stay.

**B. INTENTIONAL ACTION TAKEN WITH KNOWLEDGE**

It is well accepted, that a creditor's ordering of a repossession is an intentional act under 11 U.S.C. § 362(k).

*In re Gholston (Gholston)*, No. 6:12-bk-17200-ABB, 2012 Bankr. LEXIS 728, at *7-8 (Bankr. M.D. Fla. Feb. 27, 2012), the prepetition creditor's repossession of a car was determined to be an attempt to collect its prepetition debt and enforce its lien rights. Therefore, it violated the automatic stay by repossessing the Vehicle with <u>actual</u> knowledge of the bankruptcy and further continued retention of the car was a continuing violation of the stay. In the *Gholston* case, the court issued punitive damages based on the Creditor's conduct since it knew that the Debtor had filed for bankruptcy.

In this case, in response to the Court asking Creditor's counsel whether Senna "had knowledge of Mr. Moreno's individual bankruptcy prior to the repossession and also knowledge that Mr. Moreno was on title to the car," Creditor's counsel responded, "Right knowledge of [Mr. Moreno's] bankruptcy."

In applying the above-mentioned standard of an admission in open court, the Creditor has conceded that it intended the action of repossession which violated the stay. Furthermore, the act of retaining the Truck until after this Court ordered the Truck's return constitutes a continuing violation of the automatic stay.

Therefore, the Court must find that the Creditor intended the act of repossession with knowledge of the bankruptcy stay and therefore must grant the Summary Judgment Motion finding that a willful violation of stay occurred.

## IV. DAMAGES

### 1. Actual damages – Expenses of Recovery of Vehicle and Loss of Income

Under 11 U.S.C. § 362(k), the Debtor is entitled the recovery of actual damages.

11

Here the Debtor expended costs to recover his personal items from the vehicle and to put his name back on title. The Debtor also missed two days of work one business day after the insurance was effective.

Therefore, the Debtor is entitled to actual expenses to recover the vehicle and lost income.

### 2.  Actual damages – Attorney's Fees and Costs

Under 11 U.S.C. § 362(k), the Debtor is entitled the recovery of actual damages in the form of reasonable attorney's fees and expenses in defending the Debtor.

In the case of *Mantiply v. Horne (In re Horne)*, 876 F.3d 1076, 1078 (11th Cir. 2017), the Eleventh Circuit held that Section 362(k)(1) specifically departed from the American Rule and authorized costs and attorneys' fees incurred by the debtors in ending a willful violation of an automatic stay, prosecuting a damages violation, and defending those judgments on appeal. Essentially all reasonable attorney's fees and costs, whether in the bankruptcy court or at the appellate level are recoverable from the losing party. In *Horne*, the Eleventh Circuit held that an award of $92,495.86 was sufficient and included punitive damages as well.

Here it was necessary to vindicate the Debtor's rights under the Code so that he could obtain his vehicle and work to fund the plan. It is interesting to note that if the Creditor would have returned the vehicle upon the first demands on July 3rd and 8th and paid the expenses, it would have only amounted to $1,217.50, an amount much less than the current damages.

Therefore, the attorney's reasonable fees and costs should be awarded in full.

### 3.  Punitive damages

In *Credit Nation Lending Servs., LLC v. Nettles (Credit Nation)*, 489 B.R. 239 (N.D. Ala. 2013), a bankruptcy court properly discharged an indebtedness to a creditor in the amount of

$6,127.54 as a form of punitive damages under the Bankruptcy Code, 11 U.S.C.S. § 362(k), because the creditor's wrongful repossession of a vehicle and its failure to return the vehicle and comply with the automatic stay caused the debtors' attorney's fees. "11 U.S.C.S. § 362(k)(1), provides the bankruptcy court with express statutory authority to impose punitive damages for a creditor's violation of an automatic stay, assuming punitive damages were warranted under its provisions. 11 U.S.C.S. § 362(k)(1) affords injured individuals redress for willful stay violations." *Id*. at 241. "When a creditor blatantly violates the automatic stay, it risks being assessed punitive damages. Punitive damages are appropriate when the creditor's actions demonstrate a willful disrespect or arrogant defiance of the bankruptcy laws." *Id*.

Like the case in *Credit Nation*, the Creditor in the instant case took a big risk in initially repossessing the vehicle and also not complying with the demand of the return of the repossessed Truck. This led to not only a regular stay violation but also a continuing stay violation. Furthermore, it could be implied from the facts of this case that Creditor acted under the advice of its counsel to repossess the vehicle with knowledge of the bankruptcy stay.

This *modus operandi* of shooting first, asking questions later should be deterred by this Court. Further, the actions coupled with the blatant disregard of this Court's Orders, and even the Creditor's own Agreed Order, blatantly demonstrate a willful disrespect or arrogant defiance of the bankruptcy laws.

Therefore, this court should find that this Creditor should be assessed punitive damages commensurate with its actions described above.

**CONCLUSION**

Based on the arguments and authorities set forth above, the Debtor seeks entry of a(n):

1) Final Summary Judgment declaring that the Creditor was willful in repossessing the vehicle, including a finding of fact that the Creditor intentionally repossessed the vehicle with prior knowledge of the Debtor's/co-owner's bankruptcy.

2) Final Summary Judgment declaring that the full amount of actual damages that must be issued under 11 U.S.C.S. § 362(k) is $9,320.35 and is further described as follows:

   a. Costs incurred due to the violation: $248.25

   b. Lost income due to the violation: $600.00

   c. Attorney's fees and costs: $8,472.10

3) Final Summary Judgment declaring that the full amount of punitive damages is $18,640.70 and are described as follows:

   a. Two times the total amount of actual damages in order to not reward this conduct and deter future conduct of this Creditor.

4) Order requiring Senna Lenders Corp. to deliver the total funds of $27,961.05 within 30 days of the entry of an Order to Robert Sanchez, P.A., Trust Account, to be mailed to Robert Sanchez, P.A., 355 West 49th Street, Hialeah, FL 33012.

   WHEREFORE, Debtor respectfully requests an Order 1) granting this Motion for Contempt; 2) Awarding Sanctions for this Motion; 3) Determining that the Matters Embraced in the Evidentiary Hearing Order [ECF#35] and Other Designated Facts herein be Taken as Established as the Debtor Claims; 4) Entering Final Summary Judgment finding that Senna Willfully violated the automatic stay by repossessing the Truck with knowledge of the bankruptcy stay and continuing to hold the Truck until July 18, 2019; 5) Awarding actual damages including attorney's fees and costs in the amount of $9,320.35 payable within 30 days; 6) Awarding punitive damages for the violation under 11 USC § 362(k) in the amount of

$18,640.70 payable within 30 days; 7) retaining jurisdiction of this matter to enforce the terms and conditions of the Order and 8) any other relief this Court deems just and proper under the circumstances.

## CERTIFICATE OF ADMISISON

    **I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court as set forth in Local Rule 2090-1(A).

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that a true and correct copy of the foregoing Motion was sent on September 19, 2019 via email and CM/ECF to Paul Wilson Esq., at pwilson@paulwilsonesq.com, Attorney for Creditor Senna Lenders Corp. and CM/ECF to Nancy N. Neidich, Trustee.

Respectfully Submitted:

**ROBERT SANCHEZ, P.A.**
Attorney for Debtor
355 W 49th Street
Hialeah, FL 33013
Tel. (305) 687-8008

By:*/s/Jose A. Blanco* _____
    Jose A. Blanco, Esq., FBN#062449