**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI-DADE DIVISION**
www.flsb.uscourts.gov

IN RE:

Mario L Sorroche Moreno
  Debtor

Case No.: 19-17620-RAM

Chapter 13

_____/

**STIPULATION ON CREDITOR'S MOTION FOR PARTIAL RECONSIDERATION**
(Cancels the Hearing scheduled for November 26, 2019 at 11:30 AM)

**COMES NOW**, Mario L Sorroche Moreno, (herein "Debtor"), and Senna Lenders Corp. (herein "Creditor") by and through their undersigned counsel and move this Court to approve this Stipulation on Creditor's Motion for Partial Reconsideration of (Partial Relief from) Order Granting Debtor's Expedited Motion for Contempt, for Sanctions Against Senna Lenders Corp., for Determination that the Matters Embraced in the Evidentiary Hearing Order and Other Designated Facts be Taken as Established as the Debtor Claims, and for Final Summary Judgment [ECF# 58] and from the Final Judgment Against Creditor Senna Lender Corp. [ECF# 64], and Motion to Set Aside Findings or Amend Findings in Said Order, and/or Make Additional Findings (the "Motion for Partial Reconsideration") [DE# 65], and in furtherance thereof states:

1.  The Chapter 13 case was filed on June 7, 2019.

2.  On said date, the Automatic Stay was effective pursuant to 11 U.S.C. § 362(a)(3) under which "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate" is prohibited.

1

3.     Creditor repossessed the Debtor's 2012 Volvo Truck (herein "Truck") post-petition that the Debtor uses for work.

4.     On or about July 2, 2019 at about 6:00 PM, the Creditor repossessed the vehicle from the Debtor without any relief from stay being ordered.

5.     Creditor's initial counsel, Paul Edward Wilson, Jr. (herein "Wilson" or "Initial Counsel"), refused multiple demands to return the Truck.

6.     The Court ordered the return of the vehicle on August 1, 2019 and set the Order Shortening Time For Discovery and Setting Final Evidentiary Hearing [ECF#35].

7.     Wilson failed to comply with discovery served pursuant to said Evidentiary Hearing Order which led to an Order Granting Motion For Contempt, Granting Motion For Sanctions, Granting Motion For Summary Judgment [ECF#58].

8.     Said Order at ECF#58 allowed for a monetary judgment to be entered for actual damages of $9,320.35 and punitive damages in the amount of $18,640.70 for a total of $27,961.05.

9.     On October 15, 2019, a Final Judgment was entered in Favor of Mario L. Sorroche Moreno Against Senna Lenders Corp. [ECF#63].

10.    Creditor, now through Successor Counsel, James Schwitalla, has filed a Motion to Reconsider the Order on Motion for Contempt, Order on Motion For Sanctions, Order on Motion For Summary Judgment, Judgment as to Punitive Damages Only, in addition to Motion to Set Aside Findings or Amend Findings in Said Order, and/or Make Additional Findings Filed by Creditor Senna Lenders Corp. [ECF#65].

11.    The deadline to object to confirmation was July 30, 2019; however, on October 16, 2019, the Creditor filed an Objection to Confirmation [ECF#66] objecting to the treatment of its claim and making other general objections.

10.    Additionally, the Debtor believes he has sufficient grounds and facts to substantiate the full amount awarded against the Creditor in the amount of $27,961.05 per the Final Judgment along with additional attorney fees and costs subsequently incurred to said Final Judgment.

**IN CONSIDERATION** of the provisions of the foregoing Recitals and the mutual terms and conditions set forth below, the parties mutually agree as follows:

1.    **Recitals**.    The foregoing Recitals are true and correct in all respects and are incorporated herein by reference.

2.    **Compromise Settlement.**    This Agreement is entered into freely and voluntarily by the parties solely to avoid further costs, risks and hazards of litigation and to settle all claims and disputes relating to Debtor's claims against the Creditor, other than those rights encompassed within this Agreement,  relating to the post-petition repossession of the Truck and the additional court filings and procedures that occurred as a result of said repossession due to the above recited facts.

3.    **Acknowledgements.** The parties agree that the matters at issue between them have been satisfactorily resolved by the terms and rights provided for herein. The parties further agree that the resolution of the issues between them was a business decision made to further the best interest of the parties and to avoid protracted litigation.

4.1    **Consideration**.    In consideration for signing this Agreement, the Debtor agrees to have an Agreed Amended Final Judgment, (attached as Exhibit "A"), reducing the amount of the punitive damages award to $500.00, yet ameliorating the total actual damages award due to Debtor's increased attorneys' fees and costs to $11,445.35, for a total of $11,945.35 (herein

"Total Award"). Said Total Award is to be paid by the Creditor in five (5) monthly installments of $2,389.07 commencing Tuesday, November 5, 2019, and continuing on the 5th of the four months thereafter (through March 5, 2020). Each payment shall be made payable to "Robert Sanchez, P.A., Trust Account" with reference to the Debtor and shall be delivered to Robert Sanchez, P.A., c/o Jose A. Blanco, Esq., 355 W 49th Street, Hialeah, FL 33012. Said Agreed Amended Final Judgment becomes not subject to a Motion to reconsider or appeal. The Debtor will not object to the Creditor filing an unsecured claim against the chapter 13 estate for the $9,937.35 resulting from the plan's agreed reduction of the interest rate as stated *infra*. Furthermore, the Debtor agrees to amending or supplementing the following findings found in the Order at ECF#58 as follows:

a.  Paragraph 3: Amended Requests for Admissions:

    a.  Request No. 7: The finding is amended to "Admit that Senna knew that the 2012 Volvo 780 was titled under the Debtor's name <u>jointly with the non-debtor entity that had not filed a bankruptcy</u> when it repossessed the 2012 Volvo 780."

    b.  Request No. 8: The finding is amended to "Admit that <u>Senna's Initial Counsel,</u> refused to return the 2012 Volvo 780 after demand to return was made by phone call on July 8, 2019 and email on July 8, 2019."

b.  Paragraph 4: Senna's Initial Counsel, and not the Creditor, refused to return the vehicle upon various demands by Debtor's attorneys.

c.  Paragraph 6: The Court also finds that the conduct of the Creditor was sufficiently egregious to warrant punitive damages to deter Senna's behavior, and that but for Initial Counsel's egregiously bad (and wrong) counsel, advice, and instruction, Senna would never have repossessed the vehicle post-petition or refused even one demand for its return.

d.  Additional finding: "But for Wilson's counsel, advice, and instruction, Senna would never have repossessed the vehicle post-petition or refused even one demand for its return."

4.2     In further consideration for the signing of this Agreement, Creditor agrees to the following terms and conditions:

a.  Agree to the terms and conditions of the Debtor's consideration recited above.

b.  Creditor shall not to object to and thereby accept the Debtor's treatment, in the current plan and any other subsequently filed plan, that pays off the Creditor's claim in the collateral in full at the value of $13,459.27 and reducing the interest rate to 5.25% for a total payment of $15,332.25. Said treatment shall be allowed in the plan without the necessity for filing a Motion to Value the Creditor's lien.

c.  Creditor shall withdraw the Objection to Confirmation at ECF#66 and be barred from objecting further to confirmation of the Debtor's current plan or another plan that proposes to pay the Creditor's claim as described above.

d.  Creditor shall not interfere with the Debtor's case, confirmation of the Debtor's current plan or a subsequent plan treating its claim as stated herein, including but not limited to objecting to the current or subsequent plans with any of the bases stated in the filed Objection to Confirmation at ECF#66 or any further objections. This prohibition includes, but is not limited to, 1) seeking attorney's fees and costs whether as an over-secured creditor, per the contract, or through any other reason, 2) objecting to treatment stated herein, 3) seeking adequate protection, 4) arguing for a different valuation as stated herein, 5) arguing for any remainder value in the collateral for the benefit of unsecured creditors, and 6) moving to require the Debtor to reinstate Mario-Yordy Transport, LLC or retitling the truck jointly in the Debtor's name and the LLC.

e.  **Default**: In the event that the Creditor fails to comply with the terms of this Stipulation, the Debtor may give notice to the Creditor through its Successor Counsel and after five (5) calendar days, proceed against the Creditor by filing a Notice of Default, seeking the full

5

amount of the initial full award found in the Order at ECF#58, entitling the Debtor to interest, which shall accrue at the statutory rate, and further seeking attorney fees and costs as incurred, and including punitive damages as appropriate.

5.    **Release of Debtor, Mario L Sorroche Moreno**

5.1    The Creditor, Senna Lenders Corp., along with its affiliates, does hereby remise, release, acquit, satisfy, and forever discharge ("Release") the Debtor, and its respective predecessors, successors, assigns, heirs, directors, and officers, their current and former employees, agents, representatives, attorneys, and all persons acting by, through or under them, or any of them, of and from all, and all manner of action and actions, cause and causes of action, suits, debts, sums of money, accounts, covenants, contracts, controversies, agreements, promises, claims, demands, damages, liens, levies and executions, whether known or unknown, liquidated or unliquidated, fixed, contingent, direct or indirect, in law or in equity, which the Creditor ever had, now has, or which any personal representative, successor, heir or assign of the Creditor hereafter can, shall or may have, against the Debtor, for, upon or by reason of any manner, cause or thing whatsoever, from the beginning of the world to the date of this Agreement concerning, relating to and/or arising out of the Loan Documents or any claim or issue that may arise from that transaction of any business transaction between the Debtor and Senna Lenders Corp.

5.2    This Release does not release the parties from any of their obligations set forth in this Agreement, which obligations shall survive this Agreement and Release.

6.    **Release of Creditor, Senna Lenders Corp.**

6.1    The Debtor, Mario L. Sorroche Moreno., along with its affiliates, does hereby remise, release, acquit, satisfy, and forever discharge ("Release") the Creditor, and its respective predecessors, successors, assigns, heirs, directors, and officers, their current and former employees, agents, representatives, attorneys, and all persons acting by, through or under them, or

6

any of them, of and from all, and all manner of action and actions, cause and causes of action, suits, debts, sums of money, accounts, covenants, contracts, controversies, agreements, promises, claims, demands, damages, liens, levies and executions, whether known or unknown, liquidated or unliquidated, fixed, contingent, direct or indirect, in law or in equity, which the Debtor ever had, now has, or which any personal representative, successor, heir or assign of the Debtor hereafter can, shall or may have, against the Creditor, for, upon or by reason of any manner, cause or thing whatsoever, from the beginning of the world to the date of this Agreement concerning, relating to and/or arising out of the Loan Documents or any claim or issue that may arise from that transaction of any business transaction between the Debtor and Senna Lenders Corp.

6.2   This Release does not release the parties from any of their obligations set forth in this Agreement, which obligations shall survive this Agreement and Release.

7.   **Bankruptcy Court Approval**.   This Agreement is contingent and subject to approval by the Bankruptcy Court. The Creditor shall file the appropriate agreed motion and proposed order to obtain the Bankruptcy Court's approval at a subsequent hearing and shall also request that the Bankruptcy Court retain jurisdiction to enforce this Agreement and the Agreed Amended Final Judgment upon the Bankruptcy Court entering an order approving the Stipulation and this Agreement, the proposed Agreed Amended Final Judgment shall be entered by the Court and same may be recorded in the Public Records and Secretary of State and be used for any and all such purposes permitted by Law.

8.   **Successors**. This Agreement shall be binding upon and shall inure to the benefit of the parties and their respective affiliates, members, partners, heirs, administrators, legal representatives, successors and assigns, as applicable.

9.   **Voluntary Agreement**. The parties acknowledge that they have signed the Agreement only after due consideration and consultation with their respective attorneys, that the

parties and their counsel were not fraudulently induced, coerced, or intimidated to sign this Agreement, and that in signing the Agreement, the parties and their counsel have not relied upon any oral or written statements or acts made by any other party other than as expressly set forth in this Agreement.

10.  **No Additional Representations.**  Each party acknowledges that except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys, to induce the execution of this Agreement.

11.  **Amendment or Modification.**  This Agreement cannot be modified, altered or changed except by a writing signed by the parties wherein specific reference is made to this Agreement.

12.  **Entire Agreement.**  This Agreement constitutes the entire and integrated agreement among the parties hereto and sets forth all promises, covenants, agreements, conditions and understandings between the parties hereto with respect to the subject matter hereof and supersedes all prior and contemporaneous negotiations, representations, understandings, inducements, conditions and agreements, express or implied, or written with respect to the subject matter of this Agreement.

13.  **Captions.**  The captions and headings used in this Agreement are for convenience and means of reference only, and shall not be used to construe, interpret, expand or limit the terms of this Agreement.

14.  **Counterparts.**  This Agreement may be executed in any number of counterparts, with the same effect as if the signatures thereto and hereto were upon the same instrument but all of such counterparts taken together shall be deemed to constitute one and the same instrument. The transmission by facsimile or electronic mail of any original signed counterpart of this Agreement (or any amendment hereto or any other document delivered pursuant hereto) shall be treated for all purposes as the delivery of an original signed counterpart.

15.   **Construction.**  Language of all parts of this Agreement shall be construed as a whole according to its fair meaning.  The parties acknowledge and agree that this Agreement was initially prepared by the counsel for the Debtor solely as a convenience and that all parties and their counsel have read and have fully negotiated all of the language used in this Agreement.  The parties acknowledge and agree that because all parties and their counsel participated in negotiations in drafting this Agreement, no rule of construction shall apply to this Agreement which construes any language, whether ambiguous, unclear or otherwise, in favor of or against any party by reason of that party's role in drafting this Agreement.

16.   **Copy of Agreement Valid.**  The parties agree that executed copies of this Agreement and Agreed Amended Final Judgment shall be valid and binding, in the event the original executed Agreements are missing.

17.   **Attorneys' Fees.**   In connection with any litigation, mediation, arbitration, special proceeding or other proceeding arising out of or relating to this Agreement and or the Agreed Amended Final Judgment or its enforcement, the prevailing party shall be entitled to recover from the other party its costs and reasonable attorney's fees, through and including any appeal or post-judgment or Bankruptcy proceeding.

18.   **Governing Law and Interpretation**.  This Agreement shall be governed and interpreted in accordance with applicable federal laws and applicable laws of the State of Florida, without regard to its conflict of laws provision.

19.   **Waiver**.   The failure of any party to this Agreement to insist upon the performance of any of the terms and conditions of this Agreement, or the waiver of any breach of any of the terms and conditions of this Agreement, shall not be construed as thereafter waiving any such terms and conditions, but the same shall continue and remain in full force and effect as if no such forbearance or waiver had occurred.

20. **Third Party Beneficiary.** The parties expressly agree and acknowledge that this Agreement does not and is not intended to grant to or create any rights in other persons as third-party beneficiaries or otherwise.

21. **Further Assurance.** It is expressly understood and agreed that the parties hereto shall upon such other parties' reasonable request, from time to time, execute and deliver to each other all such instruments and documents of further assurance or otherwise, and will do all such acts and things as reasonably may be required to carry out their respective obligations hereunder to consummate and complete this Agreement.

22. **Assignment.** The Agreed Amended Final Judgment being entered in conjunction with the Agreement shall be fully assignable by the Debtor in his sole discretion.

23. **Partial Invalidity.** If any provision of this Agreement or the application thereof to any person or circumstance and/or the Agreed Amended Final Judgment shall to any extent be held invalid, then the remainder of this Agreement or the application of such provision to persons or circumstances other than those as to which it is held invalid shall not be affected thereby, and each provision of this Agreement and Agreed Amended Final Judgment shall be valid and enforced to the fullest extent permitted by law.

24. **Severability.** Each and every covenant and agreement contained in this Agreement shall for all purposes be construed to be a separate and independent covenant and agreement, and the breach of any covenant or agreement contained herein by either party shall in no way or manner discharge or relieve the other party from its obligation to perform all other covenants and agreements herein.

25. **Authority to Enter Into Agreement.** The parties warrant and represent that they are authorized and empowered to enter into this Agreement and to grant the rights set forth in this Agreement.

Case No.: 19-17620-RAM

**THE BALANCE OF THIS PAGE HAS BEEN INTENTIONALLY LEFT BLANK.**

**PLEASE SEE THE FOLLOWING PAGES FOR EXECUTION OF THIS DOCUMENT.**

Case No.: 19-17620-RAM

**IN WITNESS WHEREOF**, the parties hereto have knowingly and voluntarily executed

this Agreement as of the dates set forth below.

*Signed, sealed and delivered*
*in the presence of:*

**Senna Lenders Corp.:**

By:_____

_____
Signature

**Sergio Bertisch as President and CEO of**
**Senna Lenders Corp.**

_____
Printed Name

Date:____11/05/19____

_____
Signature

_____
Printed Name

STATE OF FLORIDA
COUNTY OF ___Miami Dade___.

The foregoing instrument was acknowledged before me this 05 ~~day of Nov~~
by **Sergio Bertisch** who is personally known to me or who has produced ▮▮▮▮
▮▮▮▮▮▮▮▮▮▮ as identification and who did (did not) take an oath,
~~and is~~ authorized to execute this document on behalf of the Creditor.

_____
NOTARY PUBLIC

_____
Susan Janeth Sanchez
Printed Name

My Commission Expires: Dec. 18, 2020    [printed, typed or stamped]

**SUSAN JANETH SANCHEZ**
Notary Public - State of Florida
Commission # GG 025513
My Comm. Expires Dec 18, 2020
Bonded through National Notary Assn.

12



Case No.: 19-17620-RAM

_(signature)_
Signature

Axel Marroquin
Printed Name

_(signature)_
Signature

Lauren Ginoris
Printed Name

STATE OF __Florida__
COUNTY OF __Miami - Dade__

**Debtor, Mario L. Sorroche Moreno**

By: _(signature)_
 **Mario L. Sorroche Moreno**

Date: 11-11-19

The foregoing instrument was acknowledged before me this 11th day of November, 2019 by ~~_____~~ as ~~_____~~ ~~of~~ **Mario L Sorroche Moreno** who is personally known to me or who has produced ___FL Driver Licence___ _____ as identification and who did (did not) take an oath.

_(signature)_
 NOTARY PUBLIC

Rachel Diaz
 Printed Name
 [printed, typed or stamped]

My Commission Expires: Sept 10, 2023

Rachel Diaz
Comm. # GG907817
Expires: Sept. 10, 2023
Bonded Thru Aaron Notary

13

Case No.: 19-17620-RAM

Robert Sanchez, Esq.
Attorney for Debtor

By:_____

Robert Sanchez, Esq.
Law Offices of Robert Sanchez, P.A.
355 West 49th Street
Hialeah, FL  33012

Date:_____11/11/2019_____

James Schwitalla, Esquire
Attorney for Senna Lenders Corp.

By:_____

James Schwitalla, Esquire
The Bankruptcy Law Offices
of James Schwitalla, P.A.
12954 S.W. 133 Court
Miami, Florida 33186

Date:_____11.4.2019_____

14

Case No.: 19-17620-RAM

## SERVICE LIST

### CM/ECF

James Schwitalla, Esquire
Attorney for Senna Lenders Corp.

Robert Sanchez, Esq.
Attorney for Debtor

Nancy Neidich, Trustee

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Creditors registered with CM/ECF

**All other parties on the Clerk's CM/ECF mailing list
By U.S. First Class Mail:**

Mario L Sorroche Moreno, Debtor
3740 E 8th Court
Hialeah, FL 33013-2802

Creditors on the Mailing Matrix not registered with CM/ECF